**Jose De Jesus VALENZUELA ALVAREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73020.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 13, 2009.

Mario Acosta, Jr., Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Jose De Jesus Valenzuela Alvarez, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Thomas Fatouros, Esquire, Trial, James A. Hurley, Mark Christopher Walters, Esquire, Assistant Director, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

### MEMORANDUM **

Jose de Jesus Valenzuela Alvarez, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision denying his request for administrative closure and denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Valenzuela failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). The REAL ID Act of 2005 did not alter the court's jurisdiction in this regard. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

We also lack jurisdiction to review the agency's denial of Valenzuela Alvarez's request for administrative closure. *See Diaz–Covarrubias v. Mukasey*, 551 F.3d 1114, 1120 (9th Cir.2009).

To the extent Valenzuela Alvarez contends that the agency deprived him of due process by misapplying the law to the facts of his case, he does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable

constitutional claims that would invoke our jurisdiction.").

Valenzuela Alvarez's contention that 8 U.S.C. § 1252(a)(2)(B) forecloses all judicial review over a hardship determination and is therefore unconstitutional is not persuasive. *Cf. Kalaw v. INS*, 133 F.3d 1147, 1152 (9th Cir.1997) (discussing a similar provision); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 653–54 (9th Cir.2007) (per curiam), *reh'g denied*, 504 F.3d 973 (9th Cir.2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

